UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SHERMAN BEANS,                    Case No. 10-14315

    Plaintiff,                         District Judge David M. Lawson

v.                                       Magistrate Judge R. Steven Whalen

CITY OF ROMULUS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff David Sherman Beans has filed a *pro se* civil rights complaint, which was transferred to this Court from the Northern District of New York. The case has been referred to the undersigned for all pretrial proceedings, including the preparation of Reports and Recommendations as to dispositive motions, pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons discussed below, I recommend that the complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

    **I.   FACTS**

    Although Mr. Beans is suing the City of Romulus, Michigan, and apparently the Clerk of the 34th District Court for the City of Romulus, he initially filed his complaint in the Northern District of New York. That court transferred venue to the Eastern District of Michigan.

    The four-page handwritten complaint, to which is appended three additional pages of explanatory material, is extremely rambling and incoherent. Sifting through the numerous stream-of-consciousness musings and digressions, however, Mr. Beans appears to allege that during criminal proceedings in the 34th District Court, the Court Clerk failed

to produce "records" relating to statements made by witnesses, including one of the police officers. Mr. Beans states as follows at p.2 of his complaint:

> "(1) Violation of producing court records in time for court (2) just presenting one 15th of the evidence of F.O.I.A. info during the trial against myself (3) refusal or ignoring records or unsworn declaration of other public safety officers that was at the scene of infraction."

At p.3, he continues:

> "Refusal to provide records of at least 7 witnesses who observed infraction, (observed direct questions without being info[rmed] of my rights.) An admission would have been causal in conviction."

Mr. Beans also alleges "refusal to provide technical assistance using A.D.A. statute 35.177." *Complaint*, p.3. Mr. Beans does not state what he was convicted of or whether the conviction has been reversed or set aside.

In his Prayer for Relief, Mr. Beans requests "One trillion dollars in 3 intrim [sic, interim] payments for attorney expenses, and actual and compensatory damages of 10 trillion dollars."

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594

(6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### III. DISCUSSION

Giving this *pro se* complaint a liberal construction,[1] it appears that Mr. Beans asserts the following claims against the City of Romulus and the Clerk of the 34th District Court: (1) failure to produce exculpatory material, including witness statements, at his criminal trial; (2) violation of *Miranda v. Arizona* at the time of his arrest; (3) violation of the Americans with Disabilities Act ("ADA") for "refusal to provide technical assistance" There are several reasons why the complaint fails to show even an arguable basis for any of these claims.

First, the City of Romulus has no liability as a municipality. The Supreme Court has held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," and that for there to be municipal liability, the alleged unconstitutional violation

---

[1] *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

must implement or execute a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers, or be taken pursuant to governmental custom. *Monell v. Department of Social Services,* 436 U.S. 658, 690-692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the present case, Plaintiff has made no plausible allegation that City of Romulus was personally involved in the alleged violations, acted pursuant to any policy or custom, or that the City participated in, knew of, authorized, or otherwise condoned the acts in question. Conclusory allegations are insufficient to establish that the action was undertaken pursuant to a policy or custom. *Id.*

Secondly, Mr. Beans' alleged inability to procure witness statements or challenge an unlawfully obtained statement calls into question the validity of his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 487,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004). Mr. Beans has not pled facts to meet the element of favorable termination. Indeed, a fair reading of his complaint suggests that the conviction has *not* been reversed or set aside.

Third, the Clerk of the 34th District Court is entitled to quasi-judicial immunity for

acts performed within the scope of the duties of that Office. "Quasi-judicial functions are tasks so integral or intertwined with the judicial process that the person performing the tasks are considered an arm of the judicial officer who is immune." *McCarthy v. Davis*, 2011 WL 6780723, *2 (E.D.Mich. 2011)(citing *Bush v. Ranch,* 38 F.3d 842, 847 (6th Cir.1994)). *See Johnson v. Turner,* 125 F.3d 324, 333 (6th Cir.1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages)); *Foster v. Walsh,* 864 F.2d 416, 417-18 (6th Cir.1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird,* No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug.8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from a state prison inmate's § 1983 claim); *Lyle v. Jackson,* No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept.17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts).

Fourth, apart from the question of quasi-judicial immunity, discovery in a criminal case is provided by the prosecutor, not the Court Clerk. If Mr. Beans was seeking witness statements, his request would have been more appropriately addressed to the Prosecutor's Office or the City Attorney. Thus, the Court Clerk had neither a duty to Mr. Beans to provide discovery nor personal involvement in any alleged constitutional violation. *See Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984).

Finally, Mr. Beans' allegation that the City of Romulus or the Court Clerk somehow violated his rights under the ADA is purely conclusory, and thus violative of the *Iqbal* standard.

In short, Mr. Beans has set forth no plausible claim for relief, and his complaint is frivolous to the extent that this Court does not have subject matter jurisdiction. The complaint should therefore be *sua sponte* dismissed with prejudice. *Apple v. Glenn, supra*.

## IV.   CONCLUSION

For these reasons, I recommend that Mr. Beans' complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.

                                         s/ R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE

Date: March 6, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 6, 2012.

| David Sherman Beans | Johnetta M. Curry-Williams |
| --- | --- |
| P.O. Box 152 | Case Manager |
| Wayne, MI 48184 | |